## UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Rev. Dr. ANNE ARMSTRONG | First Plaintiff | ) |
| and | | ) |
| Rev. Dr. ALAN GORDON | Second Plaintiff | ) |
| v | | ) |
| | | ) |
| PETER KILMARTIN, | | ) |
| in his capacity as Attorney General | First Defendant, *et al* | ) |

FILED

Civil Action No. 16-403

2017 JAN 19  A 11: 02

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

PLAINTIFFS' REPLY TO STATE'S RESPONSE TO DISMISSAL MOTION OPPOSITION

1.   The Defense Response fails to address several key matters, each/any of which ruined its dismissal motion's validity.

ACQUIESCENCE TO JURISDICTION

A.   Neither the Defense motion's brief nor the Defense response to Plaintiffs' opposition address in any way that Immunity and Abstention are not appropriate where the State Defendants argue merits of any other substantive matter -- in the case law, this is acquiescence to jurisdiction by conduct[1].  No counterargument has been made

ACCQUIESCENCE TO RELIGIOUS ARGUMENTS

B.   Neither the Defense motion's brief nor the Defense response to Plaintiffs' opposition address in any way that the State Defendants waived the only defenses they have offered to claims of "accidental" (i.e. neutral, generally applicable) religious exercise burden, while never having denied several species of deliberately inflicted religious exercise burden (with a tougher standard of scrutiny for the State to survive) complained of.  This cannot be a determinant of trial success likelihood without an evidential hearing, and hence should not be grounds for dismissal.  No counterargument has been made.

---

[1] *Lapides v. Board of Regents*, 535 U.S. 613 (2002) holds that the conduct of the litigation by the state attorney general may constitute waiver even though the state constitution provides that immunity may be waived only by statute. Recently the First Circuit held that there is no waiver through litigation conduct where "a State does nothing more than zealously defend against" federal jurisdiction, but *see e.g Ku v. Tennessee*, 322 F.3d 431 (6th Cir. 2003) (holding "that [the state's] appearing without objection and defending on the merits in a [§ 1983 action] over which the district court otherwise has original jurisdiction is a form of voluntary invocation of the federal court's jurisdiction that is sufficient to waive a State's defense of Eleventh Amendment immunity."); *Estes v. Wyoming Department of Transportation*, 302 F.3d 1200 (10th Cir. 2003) (holding that the Wyoming Department of Transportation's removal of the case to federal court effectively waived sovereign immunity in response to plaintiff's Title I ADA claim).

C. Neither the Defense motion's brief nor the Defense response to Plaintiffs' opposition address in any way that Abstention under <u>Younger</u>, even had it not been waived, is inappropriate for 2 simple reasons:

FEDERAL COMPLAINTS IRRESPECTIVE OF STATE CASES BEFORE THE COURT

(1) *Younger* Abstention only applies to matters before the State Courts.  Much of the instant Complaint involves matters simply not before the State Courts in any proceedings, such as the Complaints that the Attorney General, RI police, and Dan Lynch and/or Dan Lynch Ministries (19th and 20th Defendants, respectively) together converted the Plaintiffs' property over State lines, after having seized it under color of law with a search warrant, but not entered it into evidence.  It is precisely because that matters cannot get a fair State hearing, at all -- with the evidence stolen -- that federal jurisdiction is necessary.  The crossing of State lines heightens the import of this.  Additionally, drug dealing that is tantamount to federal racketeering, committed by a ring of retired State Police and protected by active ones and the Attorney General, is alleged relative to an Equal Protection complaint not before the State Courts at all, and this heightens the matter further.

NO FACTS ALLEGED DENIED, NOT EVEN SERIOUS SYSTEMIC CORRUPTION

(2) *Younger* Abstention is not appropriate without an evidentiary hearing when serious bad faith is alleged.  The volume and seriousness of that alleged in this case is beyond alarming.  Not even bare attempt has been made to deny the actual corruption particulars provided, despite the Defense's wading-into of case merits.

ACTIONABLE COMPLAINTS CLEAR

D. The amended complaint says which Defendants committed which sets of rights breaches, when and where, and upon which Plaintiffs.  The complexity and frequency of the rights breaches is more responsible for lengthiness than any other factor.  The breadth and scope of the deliberate rights breaches alleged and undenied is unconscionable.

2. The Defense has eroded its own points, by leaving valid points of law unchallenged, and by acquiescing in a variety of formats.  Abstention requires at a minimum an evidentiary hearing, of matters not yet even denied by the Defense -- and much Plaintiff evidence is a matter of public record as detailed in the complaint.  Despite the amended Complaint's reference to matters truly federal (such as crossing State lines) not even before the State Courts at all, an attempt has been made to cast an aspersion that the Complaint in its current form is meant to interfere with the criminal proceedings, when more likely is that the criminal proceedings and subsequent process abuses spanning several Courts, were meant to block this federal case.

Rev. Dr. Anne Armstrong                    Rev. Dr. Alan Gordon

_____  1/19/17  and  _____  Jan 19 2017

[signature]        [date]                    [signature]        [date]

99 Hudson Pond Road                        99 Hudson Pond Road

West Greenwich, Rhode Island 02817         West Greenwich, Rhode Island 02817

401-304-6543                               401-304-6020

annearmstrongri@gmail.com                  judges1412@gmail.com