## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

ANNE ARMSTRONG and
ALAN GORDON,
       Plaintiffs,

       v.                            C.A. No. 16-403-ML

PETER KILMARTIN, in his capacity
as Attorney General for Rhode Island and
Providence Plantations, et al.,
       Defendants

### ORDER AND MEMORANDUM

Plaintiff Anne Armstrong ("Armstrong") identifies herself as a clergywoman and leader of the "Healing Church" in Rhode Island. Plaintiff Alan Gordon ("Gordon," together with Armstrong, the "Plaintiffs"), a self-proclaimed "cannabis expert," Gordon Affidavit at 1 (ECF No. 1-2), identifies himself as a clergyman who serves the "Healing Church." The Plaintiffs have named twenty (20) separate defendants in this litigation, including, *inter alia*, representatives of the State of Rhode Island in their official capacity; current and retired members of the Rhode Island State Police; and unnamed police officers in their individual capacity (together, the "State Defendants"). In addition, the Plaintiffs have included a religious organization and its founder, Dan Lynch; a non-profit corporation providing access to medical marijuana and some of its executives; and organizations advising on the cultivation of medical marijuana

1

and some of their executives (together with the State Defendants, the "Defendants").

As explained by the Plaintiffs in earlier litigation[1] before this Court, the "Healing Church" is a "Cannabist Faith," which involves the use of marijuana during religious services. Armstrong v. Jewell, et al., C.A. No. 15-215-ML, 151 F.Supp.3d 242, 243 (D.R.I. Dec. 7, 2015). On July 19, 2016, the Plaintiffs were arrested at their residence and charged with several felonies under the Rhode Island Controlled Substances Act ("CSA"), R.I. Gen. Laws §21-28-1 et seq. The pro se Plaintiffs now seek (1) "protective injunctive Orders...to Stay and Dismiss the ongoing State Court criminal prosecution" against the Plaintiffs, (2) return of certain property, and (3) "especially to stop molesting the exercise of the Plaintiffs' religion."

---

[1]

In that case, the Plaintiffs brought claims against the Secretary of the Interior, the Director of National Park Service, and the site manager of Rhode Island's federal park, asserting that the government's decision to allow church members to conduct their religious service on the grounds of a national memorial only without the use or distribution of marijuana constituted a violation of the Religious Freedom Restoration Act ("RFRA"). This Court, concluding that the government had met its burden to assert a compelling interest in preventing the use and distribution of marijuana at the National Memorial and to establish that it used the least restrictive means to achieve that interest, dismissed the case. Armstrong v. Jewell, et al., C.A. No. 15-215-ML, 151 F.Supp.3d 242, 243 (D.R.I. Dec. 7, 2015). The Plaintiffs' appeal of that case is currently pending in the First Circuit Court of Appeals, which has stayed all briefing, pending the Appellate Court's decision on the government's motion for a summary disposition.

Complaint at 56 (ECF Nos. 8-3, 12). In addition to their constitutional claims against the State Defendants, the Plaintiffs have raised allegations against Dan Lynch ("Lynch"), an out-of-state Defendant, for "openly publishing claims" that "bent the law" and "bent the 1st Defendant Attorney General's functions...in a peculiar property grab." Complaint at 25.

The matter before the Court is the State Defendants' motion to dismiss the amended complaint (the Complaint) (ECF No. 8-2, 12). For the reasons that follow, the State Defendants' motion is GRANTED.

## I.    Factual Background[2]

According to the Complaint, the Plaintiffs are "attempt[ing] to protect a religious cannabis garden and related material from RI law enforcement." Complaint at 9. Plaintiffs' allegations against the State Defendants include "deliberate religious discrimination" and denial of "Free Exercise," in violation of

---

[2]    The summary of facts is based on the allegations asserted in the Complaint, to the extent the Plaintiffs' claims and supporting facts can be discerned therefrom. The State Defendants' point is well taken that the Complaint may well fall short of the requirement in Federal Rule 8(a)(2) that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief;... Fed. R. Civ. P. 8(a)(2)." Nevertheless, the Court is of the opinion that in light of the clearly stated request for remedies and the related proceedings currently pending in the Rhode Island state court, it is preferable to determine the State Defendants' motion on substantive grounds.

the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause. Complaint at 9-10. In connection with their July 19, 2016 felony arrest, the Plaintiffs complain of cruel and unusual punishment in violation of the Eighth Amendment, as well as the confiscation of their cannabis plants. Complaint at 10.

The underlying events resulting in the criminal proceedings against the Plaintiffs now pending in state court from which the Plaintiffs seek relief are as follows:

Beginning in September 2015, Armstrong began making efforts to obtain "temporary Guardianship" of what is described as a "6 foot-tall, +/- 100 pound replica travelling missionary painting ("The Missionary Painting") of *La Virgen de Guadalupe*, a 15th century miraculous Catholic Mexican botanical healing icon." Complaint at 19. According to the Complaint, Armstrong believes that "the Missionary Painting depicted cannabis flowers in the floral print of the Blessed Mother's dress." Id.

In late April 2016, Lynch — who, according to his answer to the Complaint, is a retired Vermont state judge and heads "Dan Lynch Apostolates" — transferred temporary guardianship and physical custody of the Missionary Painting to Armstrong. Complaint at 20. Soon after receiving the Painting, the Plaintiffs began publicly displaying the image with cannabis

4

while reiterating various claims regarding the healing power of cannabis.[3] Id. According to the Complaint and Armstrong's relating of the events in the documents attached thereto, Lynch took exception to some aspects of Plaintiffs' activities and demanded return of the Painting by threatening criminal prosecution. Complaint at 20, Attachment 1 at 4 (ECF No. 11-1). In late June 2016, Lynch visited Plaintiffs' residence "uninvited, with a municipal police officer, seeking the Missionary Painting under threat of criminal complaint." Complaint at 21. According to the Plaintiffs, "Lynch positively noticed cannabis before or shortly after being asked to leave." Id.

The Plaintiffs further allege that, shortly after his accompanied visit to Plaintiffs' residence, Lynch influenced an "Attorney General in the Kent County RI division, to personally attend the premises of the Plaintiffs on or about June 23, 2016, threatening – unless the Missionary Painting were voluntarily yielded to Judge Lynch – to serve a criminal search warrant for the Missionary Painting, a search in which cannabis ... would, it was announced, suddenly be seen and prosecuted..." Complaint at 21-22. When Armstrong subsequently refused to return the

---

[3]

By way of example, the Plaintiffs assert that "cannabis, an anti-viral agent, can prevent abortions by killing [the] Zika virus." Complaint at 20.

Painting, a search warrant was served, pursuant to which police conducted a search of the premises. Complaint at 22. The Plaintiffs acknowledge that they had repeatedly given notice to the State that cannabis was present at their residence and that cannabis had been seen by police when an officer accompanied Lynch on his earlier visit. Complaint at 23.

Plaintiffs filed an initial complaint in this Court on July 15, 2016. At the same time, they also engaged in "flurried attempts ... to obtain protective Orders in various Courts." Complaint at 22. On July 19, 2016, the Plaintiffs were arrested and various materials were seized from their residence.[4] Complaint at 23. It is undisputed that neither of the Plaintiffs possess or have applied for a registry identification card pursuant to the Medical Marijuana Act, R.I. Gen. Laws §§ 21-28.6-1 *et seq.*, which might allow them to possess, grow, or use limited quantities of marijuana.

Although the Complaint continues for an additional thirty

---

[4]

As noted by the State Defendants in their motion to dismiss, after obtaining a search warrant, members of the Rhode Island Police High Intensity Drug Trafficking Area Unit went to the Plaintiffs' residence and seized fifty-nine marijuana plants, quantities of dried marijuana, Butane Hash Oil, and related paraphernalia. The Plaintiffs were each charged under R.I. Gen. Laws § 21-28-4.01(a)(4)(i) with two counts of delivery/possession with the intent to deliver and manufacturing a controlled substance (felony); and § 21-28-4.01.2(a)(5), which makes it a felony to possess more than five (5) kilograms of marijuana.

pages, the remainder consists of a collection of tales related to Plaintiffs' activities as leaders of the "Healing Church," their experiences while being detained, and their views of the medical marijuana industry in Rhode Island, all of which culminate in the alleged violations of the Plaintiffs' constitutional rights of religious freedom, equal protection, and due process. The gravamen of the Plaintiffs' Complaint is that their constitutional rights are impaired by the State's Uniform Controlled Substances Act, R.I. Gen. Laws § 21-28-1.01 *et seq.*, the Medical Marijuana Act, R.I. Gen. Laws § 21-28.6-1, and the exemption from alcoholic beverage related to "the use, consumption or possession of alcoholic beverages by a minor for religious purposes" in R.I. Gen. Laws §3-8-11.1(d). As a primary remedy, the Plaintiffs seek to stay and dismiss the criminal proceedings pending against them in state court and to "stop molesting the exercise of [their] religion." The Plaintiffs also seek the return of the Missionary Painting, restoration of their property, and compensation for their "irremediable harms." Complaint at 56.

## II. Procedural History

On July 15, 2016, the Plaintiffs filed an initial complaint[5] in this Court (ECF No. 1), to which they attached (1) a 25-page affidavit of Gordon in which he relates, *inter alia*, that he returned early from a foot pilgrimage to D.C. in order to attend to the ripening cannabis plants in the Plaintiffs' back yard; and that he had previously "personally harvested approximately 3 dozen plants (36) of varying sizes, out of nearly 70 originally planted"; (2) a 37-page publication titled "A Bible Full of Cannabis," authored by the Plaintiffs; (3) a 9-page affidavit of Armstrong; and (4) a 35-page publication titled "Newly-Noticed Notes Demonstrate that Harry J. Anslinger, Author of the US' Original 1937 Cannabis Ban, was Probably a World War II Era Axis Fascist Racial Supremacist Enemy Agent Working Within the Highest Ranks of US Law Enforcement," also authored by the Plaintiffs. (ECF Nos. 1-2 through 1-5).

On July 19, 2016, the Plaintiffs were arrested and charged with drug felonies under Rhode Island law. At the date of this Order and Memorandum, the criminal proceedings against them remain pending in Rhode Island state court.

---

[5]   The Plaintiffs maintain that "the original Complaint's main two sought-after rights recognitions (religious and fair trial/due process) still overarch the whole matter" and that "[f]or that reason, the original Complaint is left intact." Complaint at 15.

On October 24, 2016, the Plaintiffs filed a motion for an extension of time to amend their complaint (ECF No. 8), to which they attached a copy of the amended complaint (ECF No. 10). The State Defendants raised no objection thereto (ECF No. 9). The Plaintiffs' motion was granted on December 6, 2016. On December 22, 2016, the State Defendants filed a motion to dismiss the Complaint as amended (ECF No. 10).  On January 9, 2017, the Plaintiffs filed a response in opposition to the State Defendants' motion (ECF No. 11), together with (1) a selection of documents under the heading "First Plaintiff's [Armstrong] Disciplinary Complaint to the RI Supreme Court, with Papal Nuncio's Correspondence," (2) two documents related to bail conditions in the state criminal proceedings against the Plaintiffs, and (3) a document under the heading "Privileged Email Sent to Court." (ECF Nos. 11-1, 11-2, 11-3). The State Defendants filed a reply on January 17, 2017 (ECF 13). The Plaintiffs filed a further reply memorandum on January 19, 2017 (ECF No. 15). Finally, on March 8, 2017, Dan Lynch filed an answer to the Complaint in which he denies many of the allegations and seeks dismissal of the claims against him and his organization[6] (ECF Nos. 18, 19).

---

[6]

    Lynch has not, however, filed any motion seeking dismissal of the claims against him.

## III. Standard of Review

A motion to dismiss for failure to state a claim upon which relief may be granted is governed by Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss a complaint the Court "must construe the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts as true, and giving the Plaintiff the benefit of all reasonable inferences. Arruda v. Sears, Roebuck & Co., 310 F.3d 13 (1st Cir. 2002). In order to withstand a motion to dismiss, a claim "must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012. The complaining party must include "factual content that allows the court to draw a reasonable inference" in the pleader's favor. Id. "If, under any theory, the allegations are sufficient to state a cause of action in accordance with the law," the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir.1994). The Court ignores, however, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

Although the Court generally may not consider documents outside of the complaint unless it converts the motion to dismiss

into one for summary judgment, it may make an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Generally, *pro se* plaintiffs' pleadings are held to less stringent standards than those of lawyers, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the First Circuit has "required even *pro se* plaintiffs to plead specific facts backing up their claims of civil rights violations." Glaros v. Perse, 628 F.2d 679, 684 (1st Cir.1980).

## IV.  Discussion

### A.   The Parties' Positions

The State Defendants seek dismissal of the Complaint pursuant to the Younger[7] Abstention, on the grounds that (1) the Plaintiffs have currently two civil cases pending in state court, in one of which they seek the same relief as in the instant litigation; and (2) there is an active criminal case pending against the Plaintiffs for violations of the Controlled

---

[7]  Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)(holding that abstention is warranted where plaintiff attempts to enjoin pending state criminal proceedings from going forward).

Substances Act, resulting from the same activities for which the Plaintiffs seek constitutional protection in this case. In addition, the State Defendants assert that (1) the State Defendants, who are sued only in their official capacity, are immune from an action for damages; (2) any action against the State Defendants is barred by the 11th Amendment; (3) the Attorney General is immune from suit when acting as a prosecutor (and as the State's attorney defending a civil lawsuit); (4) Plaintiffs have not alleged a cause of action against the Governor; (5) Plaintiffs cannot maintain this action against A.T. Wall, the Director of the Rhode Island Department of Corrections; (6) Plaintiffs fail to state a claim against Colonel Ann Assumpico, Superintendent of the Rhode Island State Police; and (7) neither the Rhode Island Medical Marijuana Act nor the Controlled Substances Act deprive the Plaintiffs of their Free Exercise rights or any other federally protected right.

In response, the Plaintiffs have suggested, *inter alia,* that by arguing alternative defenses to the Abstention Doctrine and immunity, the State Defendants have already waived those arguments. Pltfs.' Response at 2 (ECF No. 11). The remainder of their response which, like the Complaint, is not a model of clarity, focuses on allegations of bias against the state courts, corruption of the police force, and suggestions of a general

12

conspiracy related to the State's regulation and criminalization of marijuana. What is evident from the response, however, is that the Plaintiffs first and foremost seek to preclude the criminal proceedings pending against them in state court.

As to Dan Lynch and Dan Lynch Apostolates, who have filed separate answers to the Complaint, Lynch suggests that (1) the Plaintiffs are suing him for "his lawfully reporting an alleged crime to law enforcement authorities;" and (2) Dan Lynch Apostolates is "not a person in the eyes of the law as it is not a company, nor a corporation but simply a registered trade name in the State of Vermont for two nonprofit corporations." Answers (ECF Nos. 18, 19).

### B.   Younger Abstention

In Younger, the Supreme Court clearly expressed that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 ( 1971). Although it is well established that "when absolutely necessary for the protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions, . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." Id. However,

13

"[o]rdinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done." Id. Accordingly, a defendant is advised to "set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." Id. (listing cases involving threatened prosecutions in which those principles have been affirmed.) See also Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013) (noting that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.") The doctrine has been extended to "particular state civil proceedings that are akin to criminal prosecutions...or that implicate a State's interest in enforcing the orders and judgments of its courts." Id. (quotations omitted).

The First Circuit has further clarified that abstention under Younger is appropriate "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26,

14

34-35 (1st Cir. 2007) (citing Brooks v. N.H. Supreme Court, 80
F.3d 633, 638 (1st Cir.1996); Bettencourt v. Bd. of Registration
in Med., 904 F.2d 772, 777 (1st Cir.1990)); Sirva Relocation, LLC
v. Richie, 794 F.3d 185, 192 (1st Cir. 2015)(noting that "federal
court must abstain when there is an ongoing state proceeding
(judicial in nature), which implicates important state interests
and provides an adequate opportunity to raise federal defenses.")

C.   **This Case**

1.   **The State Defendants**

As noted by the Plaintiffs, after Lynch's visit to their
residence in June 2016, during which police had the opportunity
to observe signs of drug activity, the Plaintiffs engaged in
"flurried attempts ... to obtain protective Orders in various
Courts." Complaint at 22. As further explained by the State
Defendants in their memorandum, in at least one of those
attempts, the Plaintiffs were contending that regulation of
medical cannabis interferes with their religious belief and free
exercise and they are generally challenging the same statutes at
issue in this case. Defs.' Mem. at 9 (ECF No. 10-1). After
Plaintiffs' request for injunctive relief was denied by the state
court judge, that case has remained pending in Rhode Island state
court.

In addition, the criminal proceedings that have commenced

15

against the Plaintiffs in state court are directly related to the alleged violations of the Controlled Substances Act for which the Plaintiffs now seek protection in this Court. As in the civil proceedings, the Plaintiffs have taken the position that their religion, which includes the use and/or distribution of marijuana, excuses them from compliance with existing state law. In the instant case, the Plaintiffs explicitly request that this Court "Stay and Dismiss the ongoing State Court criminal prosecution" and that it allow the Plaintiffs to continue their activities in the future. Complaint at 56.

The request to enjoin pending state criminal proceedings from going forward or to issue a declaration that the state law serving as a basis for the Plaintiffs' criminal prosecution is unconstitutional is exactly the type of interference that the Younger doctrine seeks to preclude. Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56, 70 (1st Cir. 2005).

As Plaintiffs candidly acknowledge, they commenced this litigation in the anticipation that the known presence of marijuana in their residence might result in criminal proceedings. The timing of this litigation and the requested remedy to stay and dismiss the state criminal proceedings would certainly qualify as a interference with ongoing state judicial proceedings, thus meeting the first requirement for Younger

abstention.

As to the second requirement, it is undisputable that the State has an important interest in regulating drugs and in prosecuting violations of existing state laws. Finally, the policies underlying <u>Younger</u> "preclude[] any presumption that the state courts will not safeguard federal constitutional rights." <u>Middlesex County Ethics Commission v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). There is nothing to indicate, and Plaintiffs have not asserted, that they will not be able to raise their constitutional arguments in the state court proceedings or that the state court will not safeguard their constitutional rights.

For all those reasons, the Court deems it appropriate to abstain from adjudicating Plaintiffs' claims against the State Defendants. Accordingly, the Court finds that the Complaint cannot withstand the State Defendants' motion to dismiss.

### 2.    **The Other Defendants**

As to Lynch and his Apostolates, the Plaintiffs' claims are limited to alleging that Lynch "improperly influenced RI's Attorney General to tamper with criminal evidence and thereby convert [Armstrong's] property over State lines." Complaint at 16. In support of this contention, the Plaintiffs assert that they had "temporary guardianship" over the "replica travelling

17

missionary painting," Complaint at 19, which had been in possession of Lynch and to which he claimed absolute ownership. Complaint at 21. According to the Complaint, Lynch first attempted to obtain return of the Painting "by defamation pressure." Complaint at 20. The Plaintiffs further assert that, after Armstrong refused to return the Painting to Lynch upon his demand, the Painting was taken by police pursuant to a search warrant served on the Plaintiffs. Plaintiffs now seek the return of the Painting which they describe as having been "converted" across state lines. Complaint at 16, 56.

As acknowledged by the Plaintiffs, they are residents of Rhode Island, whereas Lynch is a resident of Vermont. No monetary value has been ascribed to the Painting, which is described as a "replica" of the actual Missionary Painting. Accordingly, it is unclear, and Plaintiffs have neither asserted nor established, that this Court has subject matter jurisdiction over the Plaintiffs' claims against Lynch. Furthermore, their claims of conversion and defamation, to the extent they can even be gleaned from the Complaint, appear to be rooted solely in state law.

Because the Court has determined that the federal claims against the State Defendants must be dismissed, and given the unsupported and inconsistent statements by the Plaintiffs as to the ownership of the Painting, the Court declines to exercise its

ancillary jurisdiction to entertain the Plaintiffs' state law based claims. Accordingly, those claims must be dismissed as well.

As to the remaining Defendants, the Thomas C. Slater Compassion Center,[8] Worlds Online, Inc., their two subsidiaries Sigal Consulting, LLC and MariMed Advisors, Inc., as well as several individuals described as executives of or consultants to those entities, it is unclear that any of those Defendants have ever been served in the four months since they were first named as Defendants in this suit.

According to the Complaint, these Defendants, together with a number of unnamed Defendants "comprise a RI market-dominating cannabis store." Complaint at 35. With respect to these Defendants, the Plaintiffs contend that the Defendants engaged in "unlawful work" that "occurred in separate complex behavior sequences too distinctly peculiar to be unrelated -- and in order to concurrently deprive others (Plaintiffs included), often under color of law, of rights relative to those rights supra-legally

---

[8]    Under Rhode Island's Edward O. Hawkins and Thomas C. Slater Medical Marijuana Act, a "compassion center" is defined as "a not-for-profit corporation, subject to the provisions of chapter 6 of title 7, and registered under § 21-28.6-12, that acquires, possesses, cultivates, manufactures, delivers, transfers, transports, supplies, or dispenses marijuana, and/or related supplies and educational materials, to patient cardholders and/or their registered caregiver cardholder or authorized purchaser." R.I. Gen. Laws §21-28.6-3(4).

19

given to [them]." Complaint at 35. According to the Plaintiffs, the complained of behavior "compromises the [Plaintiffs'] inalienable rights to *Equal Protection*, *Fair Trial*, and/or *Due Process* and/or *Free Exercise*, *Free Association* and freedom from *Establishment*." Id.

What Plaintiffs appear to be complaining of is that these Defendants, who have been granted a limited exemption from Rhode Island's controlled substances laws, are being treated differently than the Plaintiffs, who have declined to avail themselves of the opportunity to obtain a medical marijuana license (because their faith prohibits participating in the census).

As noted herein, the Complaint is extremely difficult to decipher and on those grounds alone, the claims against the Defendants are subject to dismissal. Moreover, there is no evidence that these Defendants have ever been served — none of them has filed a response to the Complaint — and the Plaintiffs have not sought any remedy with respect to these Defendants. The gravamen of this litigation is to avoid the pending criminal proceedings against the Plaintiffs and to gain authorization for continuing their marijuana-related practices. The purpose of the Plaintiffs' claims against this particular group of Defendants appears to be bolstering the Plaintiffs' defenses against their

criminal prosecutions in state court. To the extent the Plaintiffs wish to assert such allegations as a defense, they can do so in state court.

## Conclusion

For the reasons stated herein, the State Defendants' motion to dismiss the Complaint is GRANTED. The Clerk is directed to enter judgment in favor of the State Defendants. The Court declines to exercise ancillary jurisdiction over the claims asserted against Lynch and the Lynch Apostolates. Those claims are DISMISSED without prejudice. Because the Complaint is entirely lacking in discernible legal claims against the remaining Defendants, the Complaint is DISMISSED without prejudice as to those Defendants.


SO ORDERED.

/s/ Mary M. Lisi
Senior United States District Judge
May 17, 2017